Twenty Wings, Ltd. d/b/a Hooters v. Tex. Alcoholic Beverage Commission et al

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-355-CV

TWENTY WINGS LTD. D/B/A
 
 APPELLANT

HOOTERS
 

V.

TEXAS ALCOHOLIC BEVERAGE APPELLEES

COMMISSION;
 PARTNERSHIP
 FOR 

COMMUNITY VALUES; THE HON.

BILL ZEDLER; THE HON. RON

WRIGHT; THE HON. STEVE 

MCCOLLUM; MRS. LESLIE

RECINE; 
MRS. MELBA MCDOW;

THE HON.
 PATRICIA A. HARDY;

MR. BARRY D. 
JOHNSON; AND MRS.

RELAND GONZALEZ

------------

FROM THE 48
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

The issue in this case is whether the trial court had authority to issue a writ of mandamus ordering an administrative law judge to dismiss on res judicata grounds a contested administrative proceeding involving an application  for a mixed beverage permit.  
Because the issues of law presented by this case are well settled and the parties are familiar with the facts, we shall not recite the law and the facts here except as necessary to advise the parties of our decision and the basic reasons for it.
(footnote: 2)
 After two unsuccessful attempts to obtain a license to sell beer
(footnote: 3) at its South Arlington restaurant location, Twenty Wings, Ltd. d/b/a Hooters (Hooters) applied for a mixed beverage permit.
(footnote: 4)  A citizens action group called Partnership for Community Values, and others, contested the application.  They and the Texas Alcoholic Beverage Commission (TABC) filed a plea in bar requesting that the administrative law judge (ALJ) of the State Office of Administration Hearings (SOAH) dismiss the proceeding on res judicata grounds based on the two prior proceedings.  When the ALJ denied the motion to dismiss, the TABC
 and other appellees filed the underlying original proceeding in the 48th District Court of Tarrant County.  After a hearing and the appointment of visiting Judge David Cleveland
, the trial court entered findings of fact and conclusions of law and issued a writ of mandamus, ordering the ALJ to dismiss the administrative proceeding on the ground that it was barred by res judicata.

Among other complaints,
 Hooters contends that the trial court lacked subject matter jurisdiction to render the mandamus order because the mixed beverage permit proceeding was within the exclusive jurisdiction of the TABC and SOAH.  Whether the TABC has exclusive jurisdiction is a question of law that we review de novo.
(footnote: 5)
 Administrative bodies have only the powers conferred on them by clear and express statutory language and implied powers that are reasonably necessary to carry out the Legislature’s intent.
(footnote: 6)  When the Legislature grants an administrative body the sole authority to make an initial determination in a dispute, the agency has exclusive jurisdiction over the dispute.
(footnote: 7)  If an administrative body has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review of the decision.
(footnote: 8)  Until the party has satisfied this exhaustion requirement, the trial court lacks subject matter jurisdiction over the case and must dismiss any claims filed in the trial court without prejudice to refiling.
(footnote: 9)  When exhaustion is required, courts may review the administrative action only at the time and in the manner designated by statute.
(footnote: 10)
 Determining whether an administrative body has exclusive jurisdiction requires an examination and construction of the relevant statutory scheme.
(footnote: 11)  When a court decides that a “pervasive regulatory scheme” shows that the legislature intended for the regulatory process to be the exclusive means for remedying the problem to which the regulation is addressed, exclusive jurisdiction exists.
(footnote: 12)
 Section 1.06 of the Texas Alcoholic Beverage Code (the Code) provides that “[u]nless otherwise specifically provided by the terms of this code, the manufacture, sale, distribution, transportation, and possession of alcoholic beverages shall be governed exclusively by the provisions of this code.”
(footnote: 13)  In addition, section 5.31 of the Code further provides: 

[The TABC] may exercise all powers, duties, and functions conferred by this code, and all powers incidental, necessary, or convenient to the administration of this code. It shall inspect, supervise, and regulate every phase of the business of manufacturing, importing, exporting, transporting, storing, selling, advertising, labeling, and distributing alcoholic beverages, and the possession of alcoholic beverages for the purpose of sale or otherwise.  It may prescribe and publish rules necessary to carry out the provisions of this code.
(footnote: 14)

In addition, section 5.43 provides in part that the TABC “designates the State Office of Administrative Hearings to conduct . . . any hearing authorized by this code.”
(footnote: 15)
 Construing these statutes in accordance with their plain and ordinary meaning, we hold that the Code constitutes a 
pervasive regulatory scheme
 that evidences the Legislature’s intent that the regulatory process governing  contested hearings for mixed beverage permits be exclusive.  Thus, at the time the trial court rendered its order in this case, the TABC and SOAH had exclusive jurisdiction to decide the merits of all substantive legal and factual issues involved in the contested hearing concerning Hooters’ application for a mixed beverage permit.

Although appellees cite 
State v. Thomas 
in support of their argument that mandamus relief is available, that case is distinguishable.
(footnote: 16)  In 
Thomas
, the Supreme Court of Texas conditionally granted the attorney general’s writ of mandamus to compel the Public Utility Commission (PUC) to allow him to  intervene as a party in an administrative proceeding
.
(footnote: 17)  Unlike the trial court’s order before us, 
the Supreme Court’s ruling in 
Thomas
 did not interfere with the PUC’s exclusive authority to decide the merits of the substantive legal and factual questions involved in the administrative proceeding.  We do not address whether appellees would be entitled to mandamus relief following a final order by the ALJ.

Therefore, without reaching the merits of the res judicata issue, we hold that the trial court lacked subject matter jurisdiction to decide the issue of whether res judicata barred Hooters’ application for a mixed beverage permit prior to the conclusion of the administrative proceeding.  
We vacate the trial court’s order granting mandamus relief and dismiss the case.

LEE ANN DAUPHINOT

JUSTICE

PANEL A: CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED:  June 29, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 47.4.

2:
Id.

3:
See
 
Tex. Alco. Bev. Code Ann.
 §§ 5.43, 61.03-.031, .11, .13-.15, .31-.32, .36-.37, .381-.39, .41-.43, .52, .71, .86-.87, 69.02, .06, .16 (Vernon Supp. 2005); §§ 61.01-02, .04-.10, .12, .33-.35, .38, .40, .44-.51, .711-.85, 69.01, .03-.05, .70-.15, 70.01-03 (Vernon 1995) (statutory framework for beer license applications).

4:
See 
Tex. Alco. Bev. Code Ann.
 §§ 5.43, 11.015, .041, .09-.091, .11-.13, .321, .35, .37-.393, .41, .46, .61, .612-.613, .64-.641, .72-.73, 28.10, .13, .17-.18 (Vernon Supp. 2005); §§ 11.01, .02-.04, .05-.08, .10, .31-.32, .33-.34, .36, .40, .42-.45, .47-.52, .611, .62-.63, .65-.71, 28.01-.09, .11-.12, .14-.16, 29.01-.03 (Vernon 1995) (statutory framework for mixed beverage permit applications).

5:
Subaru of Am. v. David McDavid Nissan
,
 Inc
., 84 S.W.3d 212, 222 (Tex. 2002).

6:
Id
. at 220; 
Tex. Workers' Comp. Comm'n v. Patient Advocates of Tex
., 136 S.W.3d 643, 652 (Tex. 2004).

7:
David McDavid Nissan
, 84 S.W.3d at 221.

8:
Id.

9:
Id.

10:
Cash Am. Int’l Inc. v. Bennett
, 35 S.W.3d 12, 15 (Tex. 2000).

11:
David McDavid Nissan
, 84 S.W.3d at 221.

12:
Id.

13:
Tex. Alco. Bev. Code Ann.
 § 1.06 (Vernon 1995).

14:
Id.
 § 5.31

15:
Id.
 § 5.43.

16:
State v. Thomas
, 766 S.W.2d 217, 219-20 (Tex. 1989).

17:
Id.
; 
see 
Tex. Const. art
. IV, § 22 (setting forth the duties of the attorney general).